UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action Nos. |
| ) | 6:20-CR-052-CHB-HAI-1 |
| v. ) | 6:24-CR-002-CHB-HAI-1 |
| ) | |
| TIMOTHY ASHLEY PADGETT, ) | |
| ) | **ORDER ADOPTING** |
| Defendant. ) | **RECOMMENDED DISPOSITION** |
| ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Recommended Disposition filed by United States Magistrate Judge Hanly A. Ingram. *See Padgett I* [R. 38].[1] The Recommended Disposition addresses the conditions of Defendant Timothy Ashley Padgett's supervised release that he was alleged to have violated. *See id.* at 2.

By way of background, judgment was entered against Defendant in the Western District of North Carolina in December 2005 after he was found guilty by a jury of (1) possessing pseudoephedrine with intent to manufacture methamphetamine and (2) conspiracy to manufacture methamphetamine. *See Padgett II* [R. 1-2, p. 1]. Defendant was originally sentenced to 262 months of imprisonment and a four-year term of supervised release. *Id.* at 2–3.

While Defendant was serving his sentence in the North Carolina case, judgment was entered against him in this District in September 2021 after he pled guilty to possession of contraband while in prison. *See Padgett I* [R. 31]. In the criminal action in this District, Defendant

---

[1] Two separate criminal cases are involved in this matter: 6:20-CR-052-CHB-HAI-1 ("the Kentucky case") and 6:24-CR-002-CHB-HAI-1 ("the North Carolina case"). The Court will refer to the 2020 case as *Padgett I* and the 2024 case as *Padgett II*. Certain materials appear in the record of both cases; the Court will cite to the record in *Padgett I* for these items.

was sentenced to five months of imprisonment (to run consecutively with the North Carolina sentence) and a two-year term of supervised release. *See id.* at 2–3.

On October 3, 2023, Defendant was released from custody to begin service of his term(s) of supervised release. At that time, Defendant was referred to Bouncing Back Counseling in Manchester, Kentucky, for substance abuse counseling. On December 19, 2023, the United States Probation Office ("USPO") issued the Supervised Release Violation Report that initiated proceedings in the Kentucky case; the USPO secured an arrest warrant for Defendant the next day. *See Padgett I* [R. 32]; [R. 33]. On January 8, 2024, the USPO issued an addendum to the Report. Defendant was arrested on January 4, 2024.

On January 17, 2024, jurisdiction of Defendant's North Carolina case was transferred to this Court. *See Padgett II* [R. 1]. At that time, the USPO issued a report in the North Carolina case that alleged the same violations as in the Kentucky case's Report and Addendum. As explained by the Magistrate Judge, the two Reports charge the same three violations: Violation #1 alleges that Defendant failed to refrain from the unlawful use of a controlled substance, specifically methamphetamine; Violation #2 alleges unlawful possession of methamphetamine in violation of federal law; and Violation #3 alleges new criminal conduct based on Kentucky state charges in Pulaski Circuit Court of possession of a controlled substance and possession of drug paraphernalia. *See Padgett I* [R. 38, p. 2].

On January 8, 2024, the Magistrate Judge conducted an initial appearance pursuant to Federal Rule of Criminal Procedure 32.1 for Defendant's supervised release violation in the Kentucky case.[2] *See Padgett I* [R. 34, p. 1]. During that hearing, the United States moved for interim detention and Defendant argued for release. *See id.* Upon consideration, the Magistrate

---

[2] Defendant's initial appearance in the North Carolina case occurred at the combined final supervised release violation hearing. *See Padgett II* [R. 5, p. 1].

Judge determined that detention was required, and Defendant was remanded to the custody of the United States Marshal. *See id.*

At the combined final hearing, Defendant waived a formal hearing and stipulated to the violations contained the Reports (and the Addendum to the Kentucky case's Report). *See Padgett I* [R. 37, p. 1]. The Magistrate Judge found Defendant competent to stipulate to the violations and that the stipulation was competently, knowingly, voluntarily, and intelligently entered into and was consistent with the advice of Defendant's counsel. *See id.* Ultimately, the Magistrate Judge recommended:

> (1) that Defendant be found guilty of the charged violations in each case;
> (2) revocation and imprisonment for a term of 16 months in 6:20-CR-52-CHB-HAI;
> (3) revocation and imprisonment for a term of 16 months in 6:24-CR-2-CHB-HAI;
> (4) that the terms of imprisonment run concurrently, for a total of 16 months imprisonment;
> (5) that the terms of imprisonment run concurrently with the sentence arising from the judgment in Defendant's state proceedings, specifically 24-F-20 in Pulaski County;
> (6) that no supervised release be imposed in 6:20-CR-52-CHB-HAI;
> (7) that a four-year term of supervised release be imposed in 6:24-CR-02-CHB-HAI;
> (8) that Defendant be subject to drug treatment evaluation upon release from prison; and
> (9) that Defendant be subject to mental health treatment evaluation upon release from prison.

*Padgett I*, [R. 38, pp. 11–12].

In the Recommended Disposition, the Magistrate Judge explained his reasoning for these recommendations. Specifically, the Magistrate Judge considered the different Guidelines ranges generated for the Kentucky case (8 to 14 months) and the North Carolina case (21 to 27 months) and observed that both parties agreed to these separate ranges. *See id.* at 5. The Magistrate Judge noted that revocation in a case of this nature is mandated by statute and is recommended by the Guidelines. *See id.* at 5–6. He then considered the arguments of counsel regarding an appropriate

sentence and the Defendant's allocution. *See id.* at 6–7. The Magistrate Judge also considered various factors, including: the nature and circumstances of Defendant's convictions; his history and characteristics, the need to deter criminal conduct and protect the public; opportunities for education and treatment; and the need to avoid unwarranted sentencing disparities. *See id.* at 8–9. Finally, the Magistrate Judge explained the grounds for the recommended sentences being outside of the Guidelines range (one below, one above) for both the Kentucky case and the North Carolina case. *See id.* 9–10.

The Magistrate Judge's Recommended Disposition advised the parties that any objections must be filed within fourteen days. *See id.* at 12. The time to file objections has passed, and neither party has filed any objections to the Recommended Disposition nor sought an extension of time to do so. Instead, Defendant has filed a Waiver of Allocation. *See Padgett I*, [R. 39].

Generally, this Court must make a *de novo* determination of those portions of the Recommended Disposition to which objections are made. 28 U.S.C. § 636(b)(1). When no objections are made, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a *de novo* or any other standard." *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Parties who fail to object to a magistrate judge's recommended disposition are also barred from appealing a district court's order adopting that recommended disposition. *See United States v. White*, 874 F.3d 490, 495 (6th Cir. 2017); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981). Nevertheless, this Court has examined the record, and agrees with the Magistrate Judge's Recommended Disposition.

Accordingly, and the Court being otherwise sufficiently advised,

**IT IS HEREBY ORDERED** as follows:

1.  The Magistrate Judge's Recommended Disposition [**R. 25**] is **ADOPTED** as the

- 5 -

opinion of this Court.

      2.      Defendant is found **GUILTY** of all three violations.

      3.      Defendant's supervision is **REVOKED**.

      4.      Defendant is **SENTENCED** to a term of **sixteen (16) months of imprisonment** in 6:20-CR-52-CHB-HAI and to a term of **sixteen (16) months of imprisonment** in 6:24-CR-02-CHB-HAI, to be run **CONCURRENTLY**, for a total of **sixteen (16) months of imprisonment**.

      5.      This term of imprisonment **SHOULD** also run **CONCURRENTLY** with the sentence arising from the judgment in Defendant's state proceedings, specifically 24-F-20 in Pulaski County.

      6.      Defendant is also **SENTENCED** to a four-year term of supervised release in 6:24-CR-02-CHB-HAI; no term of supervised release will be imposed in 6:20-CR-52-CHB-HAI.

      7.      Defendant **SHALL** be subject to a drug treatment evaluation upon release from prison.

      8.      Defendant **SHALL** be subject to a mental health treatment evaluation upon release from prison.

      9.      Judgment shall enter promptly.

This the 26th day of February, 2024.

*Claria Horn Boom*
CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY